IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division



FILED JUL 24 2008 CLERK, U.S. DISTRICT COURT ALEXANDRIA, VIRGINIA

```
COLLEEN GIBSON,              )
                             )
             Petitioner,     )
                             )
V.                           )    Criminal No. 1:07CR395
                             )    Civil Action No. 1:08cv639
UNITED STATES OF AMERICA,    )
                             )
             Respondent.     )
                             )
```

## MEMORANDUM OPINION

This case is before the Court on Petitioner Colleen Gibson's Motion to Vacate Pursuant to 28 U.S.C. § 2255.

On September 24, 2007, a Criminal Complaint charged the petitioner with Aggravated Identity Theft under 18 U.S.C. 1028(A). The petitioner entered into a plea agreement with the government, under which she pled guilty to Aggravated Identity Theft in violation of 18 U.S.C. § 1028(A). On October 17, 2007, the court accepted the petitioner's guilty plea and found the petitioner guilty after conducting a plea colloquy pursuant to Rule 11 of the Federal Rules of Procedure. On the petitioner's motion, with which the government agreed, the court proceeded to sentencing immediately following its acceptance of the petitioner's guilty plea. As the statute mandates a two-year sentence for the crime of aggravated identity theft, the court sentenced the petitioner to a two-year term of imprisonment and permitted the petitioner to self-surrender

to the custody of the Bureau of Prisons. On June 18, 2008, the petitioner filed this Motion to Vacate Pursuant to 28 U.S.C. §2255.

On March 5, 2007, Detective Albert Leightly of the United States Secret Service Electronic Crimes Task Force ("Task Force") obtained a Search Warrant for the petitioner's home in Washington, D.C. from the Superior Court of the District of Columbia based on a sworn affidavit that set forth the following facts: On December 20, 2006, a victim reported to police the unauthorized use of his credit card to make purchases on the internet. The email address connected to those unauthorized purchases was being accessed from two separate Internet Provider ("IP") addresses, one of which was located at the petitioner's place of employment, a doctor's office in Fairfax, VA. Following this report, Task Force officers obtained the petitioner's employer's permission to perform a forensics analysis of the petitioner's work computer, which revealed 31 different credit card numbers and 13 different email accounts. Detective Leightly's affidavit also set forth that when Ms. Gibson was arrested on Virginia identity theft charges on February 26, 2007, she admitted taking patients' credit card information to purchase items online.

On September 24, 2007, a Criminal Complaint in the Eastern District of Virginia charged the petitioner with Aggravated Identity Theft in violation of 18 U.S.C. § 1028(A). United States Secret Service Special Agent Kimberly McGill's sworn affidavit in support

of the Criminal Complaint established the following: During a February 27, 2007 interview with Task Force officers following a waiver of her Miranda rights, the petitioner admitted using various stolen credit card numbers to make online purchases and have them delivered to her home. On March 8, 2007, Task Force officers executed a search warrant on the petitioner's residence and discovered fraudulently obtained items including apparel and electronic equipment as well as medical records for patients of the petitioner's employer.

On September 27, 2008, the government extended a draft pre-indictment plea agreement to the petitioner through her counsel. The plea agreement offered by the government gave the petitioner the opportunity to plead guilty to a single count of aggravated identity theft. Although the Statement of Facts that the petitioner later signed established the elements that the government would have to prove for the underlying crime of credit card fraud, part of the government's plea offer was an agreement not to charge the defendant with the underlying fraud offense.

Counsel for the petitioner, Geremy C. Kamens, met with the petitioner at the Office of the Federal Public Defender on October 3, 2007 to discuss this plea offer. During the meeting, petitioner and her counsel discussed her case and the possible penalties. Specifically, defense counsel informed the petitioner that accepting the plea would require a mandatory sentence of 24 months of

incarceration. At the meeting, the petitioner decided to accept the government's plea offer and expressed a desire to resolve the matter as quickly as possible.

On October 17, 2007, the court held a plea hearing. During its Rule 11 colloquy with the petitioner, the court found that the petitioner's plea was voluntary and intelligent and that there was a factual basis to support it. The court then found the petitioner guilty of aggravated identity theft in violation of 18 U.S.C. § 1028(A). After the guilty plea was accepted by the court, petitioner's counsel explained to the petitioner that although the Court generally continues sentencing for approximately three months in most felony cases, in her case the sentence would be 24 months whether the Court continued the sentencing or not because of the mandatory two-year sentence under 18 U.S.C. § 1028(A). On that basis, petitioner agreed to immediate sentencing if the court would permit it.

At that point, petitioner's counsel moved to proceed to sentencing, gave a brief background of the petitioner, and informed the court that the petitioner was in Criminal History Category I. Petitioner's counsel argued for a 24 month sentence, one year of supervised release, no fine, and the required special assessment. Although moving immediately to sentencing would prevent the government from seeking restitution in this case, the government did not object to petitioner's motion. The court then asked the

petitioner if there was anything further that she wished to say, and the petitioner responded that there was not. The court imposed a sentence of two years imprisonment with one year of supervised release, no fine and a special assessment of $100. The court also granted defense counsel's motion that the petitioner be permitted to voluntarily surrender to Bureau of Prisons custody.

On June 18, 2008, Petitioner filed her *pro se* Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. In her motion, the petitioner alleges the following grounds for her motion: (1) she received ineffective assistance of counsel and (2) her sentencing was flawed because no Pre-Sentence Investigation Report ("PSI") was prepared.

None of the petitioner's arguments in support of her claim of ineffective assistance of counsel establish that her attorney's representation was in any way objectively unreasonable and that but for such representation, the outcome of her case would have been different, as is required to establish a claim of ineffective assistance of counsel. In her motion to vacate her sentence under 28 U.S.C. § 2255, the petitioner asserts ineffective assistance of counsel as her primary ground for relief. In support of her ineffective assistance of counsel claim, the petitioner asserts the following: (1) there was a lack of communication between client and attorney...petitioner wanted to make a recommendation to the government and the court if she could get split sentencing as part

5

of the condition of the plea agreement and (2) that defense counsel failed to prepare adequately for her plea bargaining, colloquy and sentencing hearings, and that she was lied to, taken advantage of and was rushed through the system without being truthfully told and/or informed as tot he ramification of signing and agreeing to the plea agreement. Petitioner also states that she was coerced by defense counsel to take the plea because defense counsel stated to her that she was guilty of the crime and this statement showed that defense counsel was not going to defend her rights.

In Strickland v. Washington, 466 U.S. 668, 687 (1984), the Supreme Court established a two-prong standard that the defendant must satisfy to demonstrate a denial of the Sixth Amendment right to effective assistance of counsel. The first prong requires the defendant to prove that counsel's representation fell below an objective standard of reasonableness. However, there is a strong presumption that an attorney is acting reasonably. Strickland, 446 U.S. at 689. The second prong requires the defendant to prove that but for his attorney's errors, there is a reasonable probability that the outcome of the trial would have been different. See Strickland, 466 U.S. at 694. If a defendant claims that she was denied effective assistance of counsel when entering a guilty plea, courts likewise apply the Strickland test, requiring the defendant to "show that there is a reasonable probability that, but for counsel's errors, he would have not pleaded guilty and would have

insisted on going to trial." Hill v. Lockhart, 474 U.S. 527 (1985). Each of the petitioner's arguments in support of her claim of ineffective assistance of counsel fails to meet this standard, as discussed below.

The petitioner claims that there was a lack of communication between client and attorney...petitioner wanted to make a recommendation to the government and the court if she could get split sentencing as part of the condition of the plea agreement. As stated in defense counsel Geremy Kamens' affidavit, defense counsel met with the petitioner in person six days after the government extended its plea agreement. During that meeting, the petitioner and her counsel discussed the plea agreement, the facts of the petitioner's case, and the possible penalties. Based on that conversation, the defendant decided to accept the plea agreement. Defense counsel conferred with his client again following the court's acceptance of the petitioner's plea and her sentencing. In fact, defense counsel had discussed the petitioner's case in sufficient depth to enable him to represent to the court that the petitioner was extraordinarily ashamed about this and wants to get it over with as quickly as possible. The communication between the petitioner and her counsel demonstrates diligence and thoughtfulness on the part of her counsel. The petitioner fails to meet the first prong of the Strickland test because she has alleged no facts that would demonstrate that the level of communication between the her

and her counsel was objectively unreasonably.

The petitioner also seems to argue that if it were not for this lack of communication, the petitioner might have received a split sentence. The Aggravated Identity Theft offense to which the petitioner plead guilty requires a term of imprisonment of two years and does not authorize that term to be divided between the Bureau of Prisons and another method of confinement. 18 U.S.C. 1028(A). Therefore, the petitioner also fails to meet the second prong of the <u>Strickland</u> standard by failing to show that but for counsel's actions, the outcome of the petitioner's case would have been different. The petitioner's claim that there was a lack of communication between her and her counsel fails to demonstrate that she received ineffective assistance of counsel.

The petitioner also claims that her counsel did not adequately prepare for her for her plea and that she feels lied to and taken advantage of with regard to her plea. With respect to this argument, the petitioner has not alleged sufficient facts to support this assertion. The petitioner must present more than naked allegations in support of her grounds for relief under 28 U.S.C. § 2255. <u>Adams v. Rice</u>, 40 F.3d 72, 74 (4th Cir. 1992); <u>see also</u> <u>Rasberry v. United States</u>, No. 2:00cr76, 2001 WL 34808293, (E.D. Va. July 31, 2001) (noting that "naked allegations do not sustain [petitioner's] burden of proving by a preponderance of the evidence that he is entitled to relief under § 2255.") Here, the petitioner does not present the

8

court with any particulars concerning her attorney's failure to prepare for the plea agreement, nor concerning any way in which her counsel may have taken advantage of her or lied to her. Accordingly, the petitioner fails, as required, to present more than naked allegations to support her claim that her Fifth Amendment rights were violated. Therefore, her assertion that she received ineffective assistance of counsel because she was "coerced" to plead guilty cannot be used to support her motion under 28 U.S.C. § 2255.

Furthermore, there is no indication in the record that the petitioner's guilty plea was in any way flawed. In determining whether a plea of guilty was properly entered, the Fourth Circuit consider the following factors: "(1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and waste judicial resources." United States v. Moore, 931 F.2d 245 (4th Cir. 1991). The most important consideration is whether the Rule 11 colloquy was properly conducted and the plea was both counseled and voluntary." United States v. Bowman, 348 F.3d 408 (4th Cir. 2003). During the petitioner's Rule 11 colloquy, she stated that she understood the nature of the

charges against her, the penalties that she faced if she pled guilty, and the rights that she was waiving by entering into a guilty plea. She also stated that she was satisfied with the assistance of her attorney. Neither does the petitioner assert any facts that would support a finding that she was coerced into her plea agreement nor does the record support such a conclusion. Therefore, even if read as a claim separate from the claim of ineffective assistance of counsel, the petitioner's assertions concerning her guilty plea do not establish a valid ground her motion under 28 U.S.C. § 2255.

Petitioner's Motion to Vacate Pursuant to 28 U.S.C. § 2255 seems to argue that the sentence she received was flawed because a Presentence Investigation Report ("PSI") was not considered by the judge prior to the imposition of her sentence. Rule 32 (c)(1)(A)(ii) allows the court to sentence without a PSI if "the court finds that the information in the record enables it to meaningfully exercise its sentencing authority under 18 U.S.C. § 3553, and the court explains its finding on the record." 18 U.S.C. § 3553 sets forth the factors the court must consider when determining the particular sentence to be imposed. Although Section 3553 requires the court to examine such factors as the nature and circumstances of the offense and the history and characteristics of the defendant when imposing its sentence, it does not authorize the court to depart from any statutorily mandated minimum or maximum penalties. The statue for

the Aggravated Identity Theft offense to which the petitioner plead guilty authorizes an mandatory sentence of two years.

For these reasons, the Petitioner's § 2255 motion should be denied.

/s/
Claude M. Hilton
United States District Judge

Alexandria, Virginia
July 24, 2008

11